UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 18-10146-RWZ

UNITED STATES OF AMERICA

v.

STACEY ORLANDO

ORDER

February 11, 2019

ZOBEL, S. D.J.

The government has charged defendant Stacey Orlando with two counts of Theft of Public Money in violation of 18 U.S.C. § 641. The indictment alleges that she continued to receive and use for herself Social Security benefits paid on behalf of her two children after they had been removed from her custody between May 2011 and September 2013. Defendant has moved to strike portions of the indictment that allege violations before May 10, 2013 on the ground that they are not continuing offenses and are thus time-barred.

Section 641 of Title 18 criminalizes the embezzlement or theft of any "money, or thing of value of the United States or of any department or agency thereof . . . ." 18 U.S.C. § 641. It is subject to a five-year statute of limitations. 18 U.S.C. § 3282(a). In a typical case, the statute of limitations begins to run as soon as each element of the offense has been satisfied. Toussie v. United States, 397 U.S. 112, 114-15 (1970).

Where the offense is "continuing," however, the statute is tolled until the course of conduct is complete.  Id.  There are two kinds of continuing offenses, but the parties agree this case concerns only the second: where "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."  Id. at 115.

The theft of Social Security benefits is not ordinarily a one-time event, but rather is reduced to practice over days, months, or years of misrepresentation or omission that causes the unlawful receipt of benefits.  Though the First Circuit has not decided whether violations of 18 U.S.C. § 641 constitute a continuing offense, two recent published decisions by judges of this court have so found.  United States v. Brunell, 320 F.Supp.3d 246, 248 (D. Mass. 2018); United States v. Phan, 754 F.Supp.2d 186, 190-91 (D. Mass. 2010).  Likewise, several unpublished opinions, United States v. Boyer, Electronic Clerk's Notes, No. 1:16-cr-10082-DJC (D. Mass. Sept. 23, 2016), ECF No. 39, and United States v. Mijal, Electronic Clerk's Notes, No 1:17-cr-10009-FDS (D. Mass. Sept. 13, 2017), ECF No. 61, rejected arguments similar to that presented by defendant here.  But see United States v. Colon, Electronic Clerk's Notes, No. 1:08-cr-10305-WGY (D. Mass. Apr. 13, 2010).  These decisions found support in the holdings of the Fourth and Ninth Circuits, as well as the First Circuit's suggestion that the similar crime of embezzlement is a continuing offense. United States v. Neusom, 159 Fed.Appx. 796, 798-99 (9th Cir. 2005) (affirming finding that section 641 offense not time-barred); United States v. Smith, 373 F.3d 561, 567-68 (4th Cir. 2004) (defendant's collection of mother's Social Security benefits following her death is a continuing offense); United States v. Daley, 454 F.2d 505, 509 (1st Cir. 1972) (embezzling pension

funds is a "continuing scheme" that may be charged as single offense). These authorities are convincing, and I agree that theft of Social Security benefits is a continuing offense that tolls the statute of limitations. Accordingly, the defendant's motion to strike (Docket # 53) is denied.

|             February 11, 2019             |                 /s/Rya W. Zobel             |
| :---: | :---: |
| DATE | RYA W. ZOBEL |
| | SENIOR UNITED STATES DISTRICT JUDGE |